certificate or authority to practice in the county where it is alleged he has unlawfully practiced; but it is unnecessary for us to decide that question in this case.

We erroneously held the information in Stiles v. State, 148 S. W. 326, sufficient, where it omitted said allegations, and that case on that point is hereby expressly overruled.

Because the information in this case is fatally defective in the two particulars above mentioned, the judgment is reversed, and the cause dismissed.

---

O'HARA v. STATE. (No. 3166.)

(Court of Criminal Appeals of Texas. June 17, 1914.)

WEAPONS (§ 17*)—OFFENSES—EVIDENCE—SUFFICIENCY.

In a prosecution for unlawfully carrying a pistol, evidence *held* sufficient to support a conviction.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20, 22–33; Dec. Dig. § 17.*]

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

Charley O'Hara was convicted of unlawfully carrying a pistol, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of unlawfully carrying a pistol.

George Gresham testified:

"I am a police officer in and for the city of Ft. Worth, and have been for the past several years. I know the defendant, Charley O'Hara; he is the proprietor of a saloon and restaurant situated on the corner of Thirteenth and Commerce streets, in the city of Ft. Worth. On the 31st day of January last, I arrested three men in the defendant's restaurant, which is situated just back of his saloon. I carried these parties, after arresting them, just across the street from the defendant's, where there was a police alarm, and was waiting there for the arrival of the police patrol to carry the parties, whom I had under arrest, to the police station. While we were waiting there, I saw the defendant coming across the street from towards the saloon and approaching us with his hands in his overcoat pockets; after he had gotten up to where I was standing, some one told me that he had a pistol in his overcoat pocket. I turned and asked him for the pistol, and he took it out of the right-hand overcoat pocket and handed it to me."

Defendant testified and admitted he had the pistol on the occasion testified tó by the officer, but says he did not know the pistol was in his overcoat pocket.

Dave Meredith testified he worked in appellant's restaurant, and had placed the pistol in the overcoat pocket of appellant while it was hanging on the wall, and had told him nothing about it.

The case was tried by the court without a jury, and he did not believe the explanation offered by appellant's testimony, and it did not raise a reasonable doubt of appellant's guilt in his mind. The fact that the officer testified that, as appellant came across the street, he had his hand in the pocket where the pistol was situate would authorize the court to arrive at such conclusion. He saw the witnesses, heard them testify; and, as the state's evidence will sustain the conclusion arrived at by the court, the judgment is affirmed.

---

Ex parte WEBB. (No. 3165.)

(Court of Criminal Appeals of Texas. May 27, 1914.)

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Habeas corpus on petition of E. F. Webb to obtain bail on a charge for murder. From an order dismissing the writ, relator appeals. Reversed, and bail granted in the sum of $5,000.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Applicant resorted to a writ of habeas corpus in order to obtain bail under a charge of murder; he having been remanded to custody by the justice of the peace at an examining trial. Upon hearing of the writ, the district judge entered the same order; that is, refused bail. Upon a review of the facts we are of the opinion the court was in error; applicant was entitled to bail. It is not necessary to state the facts, and, in fact, following our practice in cases of this sort, a discussion of the facts will not be indulged.

Bail will be granted in the sum of $5,000. Upon the giving of bail in this amount the sheriff of Nacogdoches county will approve proper bond and release applicant from custody.

The judgment is reversed, and bail is granted in the sum of $5,000.

---

FLANNIGAN v. STATE. (No. 3143.)

(Court of Criminal Appeals of Texas. May 27, 1914.)

Appeal from District Court, Grayson County; M. H. Garnett, Judge.

Arthur Flannigan was convicted of felony theft, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of a felony theft, his punishment being assessed at two years' confinement in the penitentiary.

The appeal is before us without a statement of facts or bills of exception. In the absence of a statement of facts and bills of exception, the matters set out in the motion for new trial are not reviewable.

As the record is presented the judgment will be affirmed.

---

HUTTO v. STATE. (No. 3158.)

(Court of Criminal Appeals of Texas. May 20, 1914.)

Appeal from District Court, Panola County; W. C. Buford, Judge.

Joe Hutto was convicted of murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. From a conviction of murder with a penalty of ten years in the penitentiary assessed, appellant has appealed.

There is no statement of facts nor bills of exceptions. No question is raised which can be considered in the absence of these.

The judgment is therefore affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes